UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JUDY LYNN SMITH-DANDRIDGE
as Administratrix of the Estate of
Andrew Dawson Bell, Deceased                                        PLAINTIFF

v.                                        No. 5:19-CV-05184

OFFICER JARRETT GEANOLOUS, et al.                          DEFENDANTS

## OPINION AND ORDER

Before the Court is Plaintiff Judy Lynn Smith-Dandridge's motion (Doc. 60) for leave to

file an amended complaint and brief in support (Doc. 61). Separate Defendants Tim Helder, Mike

Arnold, Jeremy Riley, Joseph Standrod, Steven Weir, Calvin Mitchell, Jesse Sorrell, Dustin Carter,

Chad Morgan, Joseph Jennings, Mitchell Smothers, Charles Dominguez, Leigh Brewer, Christy

Hill (collectively referred to as "Washington County Defendants") filed a motion (Doc. 64) for

judgment on the pleadings and incorporated response to Plaintiff's motion, and a brief in support

(Doc. 65) of their motion and response. Plaintiff filed a response (Doc. 68) and brief in opposition

to Washington County Defendants' motion (Doc. 69). Washington County Defendants, with leave

of Court, filed a reply (Doc. 72) to Plaintiff's response. Separate Defendant Maria Sanchez filed

a motion (Doc. 76) to adopt the Washington County Defendants' motion and briefing and to grant

her judgment on the pleadings, and that motion will be GRANTED IN PART, to the extent that

the Court will consider her to have adopted Washington County Defendants' position. For the

reasons set forth below, Plaintiff's motion to amend will be GRANTED and Washington County

Defendants' motion for judgment on the pleadings will be GRANTED IN PART and DENIED IN

PART.

1

I.      **Background**

On September 24, 2016, Andrew Dawson Bell was arrested by the Fayetteville Police Department ("FPD") and booked into the Washington County Detention Center ("WCDC"). Prior to the September 24 arrest, Bell had been arrested by FPD and booked into WCDC numerous times. Plaintiff alleges during many of these arrests, prescription drugs were found and the FPD and WCDC were aware Bell suffered from mental health issues.

As part of WCDC's booking process, an officer completes an Inmate Medical Form. The form includes questions regarding the inmate's physical health, mental health, and drug use. On the September 24 Inmate Medical Form, Bell was asked if he had a diagnosis for a mental illness and Bell indicated he had been diagnosed with "bipolar, anxiety disorder, depression, and suicidal ideations." (Doc. 17, p. 14). Bell also told the officer he had attempted suicide four times, and the most recent attempt was a year and a half prior.

Plaintiff alleges WCDC has a Classification and Housing Separation Profile which is used to determine if an inmate needs to be placed in medium or maximum security instead of general population. According to Plaintiff, had the Washington County Sherriff Office's ("WCSO") deputies working at WCDC properly recognized, screened, treated, and protected Bell, Bell would have been placed in medium or maximum security. Instead, Bell was placed in general population. Fourteen hours after being brought to WCDC, Bell committed suicide.

Plaintiff Judy Lynn Smith-Dandridge, as Administratrix of the Estate of Andrew Bell, filed a complaint on September 24, 2019 against Jarrett Geanolous, Kurtis Sutley, Brandon Jones, and John Doe Defendants 1-20 asserting claims under § 1983 and the Arkansas Civil Rights Act. On December 20, 2019, Plaintiff filed an amended complaint substituting Tim Helder, Leigh Brewer, M. Arnold, Jeremy Riley, Joseph Standrod, ADO Sanchez, ADO Weir, Calvin Mitchell, J. Sorrell,

A POD Corporal, Dustin Carter, Chad Morgan, Joseph Jennings, Mitchell Smothers, Charles Dominguez, and Cristy Hill for John Does 1–14. On December 23, 2019, the Court extended the deadline under Federal Rule of Civil Procedure 4(m) to serve any unserved defendant to March 19, 2020.

On March 4, 2020, Plaintiff filed her pending motion to file an amended complaint that would add individual capacity claims against the Washington County Defendants. Washington County Defendants filed a motion for judgment on the pleadings, arguing the first amended complaint was barred by the statute of limitations and did not relate back to the filing of the original complaint. Further, Washington County Defendants argue Plaintiff's motion to file an amended complaint should be denied because the statute of limitations has expired.

## II.    Legal Standard

When considering a Rule 12(c) motion for judgment on the pleadings, the Court uses the same standard applied to a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Ashely Cty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). Judgment on the pleadings is appropriate "only if the moving party clearly establishes that there are no material issues of fact and that it is entitled to judgment as a matter of law. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). The Court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party." *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (quoting *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). Pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of the cause

3

of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2009).

When considering a motion to amend a complaint, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Motions to amend may be denied for undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice, or similar reasons. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.    Analysis

Washington County Defendants' motion and response raise a statute of limitations defense, arguing not only that the statute of limitations entitles them to judgment on the (currently operative) pleadings but that leave to amend should be denied because amendment would be futile. The Court will address each of these issues in turn.

### A.    Relation Back of First Amended Complaint

Defendants argue the applicable statute of limitations is the two-year statute of limitations provided under Arkansas law for "[a]ll actions against sheriffs . . . upon any liability incurred by them in doing any act in their official capacity or by the omission of any official duty . . . ." Ark. Code Ann. § 16-56-109(a). "This statute applies to deputy sheriffs and jailers as well as sheriffs." *Spainhour v. Jones*, 4:19-cv-00202 KGB, 2020 WL 1312453, at *4 (E.D. Ark. March 18, 2020) (citing *Brown v. United States*, 342 F. Supp 987, 995 (E.D. Ark. 1972), *aff'd in relevant part, rev'd in part*, 486 F.2d 284 (8th Cir. 1973)). Insofar as it pertains to Plaintiff's state law claims against Washington County Defendants, the two-year statutory period applies, but Arkansas's general three-year personal injury statute of limitations applies to 42 U.S.C. § 1983 actions. *Ketchum v. City of W. Memphis, Ark.*, 971 F.2d 81, 82 (8th Cir. 1992).[1] Because the two-year statutory period

---

[1] Washington County Defendants' argument seems to be that the applicable statute of limitations to be borrowed from Arkansas law for the federal causes of action is also two years. This argument is without merit and contrary to decades of binding precedent. *See Wilson v.*

applies to Plaintiff's state law claims and the complaint was filed three years after the cause of action accrued, Plaintiff's state law claims against Washington County Defendants are dismissed.

Washington County Defendants next argue that even if the three-year statute of limitations applies, Plaintiff's claims in the amended complaint against Washington County Defendants are time barred because they were filed more than three years after the cause of action accrued. Plaintiff argues the amended complaint and proposed amended complaint both relate back to the original complaint, and so take its date of filing for limitations purposes.

Under Rule 15(c)(1)(C), an amendment which "changes the party or the naming of the party against whom a claim is asserted relates back if (1) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; (2) the party to be brought in by the amendment received such notice of the action that it will not be prejudiced in defending on the merits; (3) that the party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity; and (4) the second and third of these requirements were met within the period provided by Rule 4(m) for serving the summons and complaint." *Lee v. Airgas Mid-South, Inc.*, 793 F.3d 894, 897 (8th Cir. 2015) (internal citations and alterations omitted). Mistake under Rule 15(c)(1)(C) is "an error, misconception, or misunderstanding; an erroneous belief." *Heglund v. Aitkin Cty*, 871 F.3d 572, 579 (8th Cir. 2017) (citing *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 548 (2010)). Naming a John Doe defendant is not a mistake under Rule 15(c)(1)(C) because when a plaintiff names a John Doe defendant it is "not the result of a misunderstanding or misconception; it [is] an intentional misidentification, not an unintentional error, inadvertent

---

*Garcia*, 471 U.S. 261 (1985) (holding that the limitations period for a state's general personal injury actions, rather than any limitations period specific to particular actors or torts, is the limitations period used for § 1983 actions) (superseded by statute on other grounds).

wrong action, or 'mistake.'"  *Id.*  Plaintiff's amended complaint does not relate back to the filing of her original complaint under Rule 15(c)(1)(C) because the naming of a John Doe defendant is not a mistake.

However, Plaintiff's amended complaint does relate back under Rule 15(c)(1)(A).  Rule 15(c)(1)(A) provides "an amendment to a pleading relates back to the date of the original pleading when . . . the law that provides the applicable statute of limitations allows relation back."  Fed. R. Civ. P. 15(c)(1)(A).  Arkansas's limitations law provides that "[f]or purposes of tolling the statute of limitations any person . . . may file a complaint stating his or her cause of action . . . whenever the identify of the tortfeasor is unknown."  Ark. Code Ann. § 16-56-125.  To do so, "[t]he name of the unknown tortfeasor shall be designated by the pseudo-name John Doe or, if there is more than one (1) tortfeasor, John Doe 1, John Doe 2, John Doe 3, etc."  Ark. Code Ann. § 16-56-125(b)(1).  Additionally, the complaint must be accompanied by "an affidavit that the identity of the tortfeasor is unknown," made by Plaintiff or Plaintiff's attorney.  Ark. Code Ann. § 16-56-125(c).

At first glance, the tolling effected by Ark. Code Ann. § 16-56-125 should resolve this question.  "Tolling" a statute of limitations is generally understood to suspend it, or temporarily stop it from running.  *See, e.g.*, *Artis v. District of Columbia*, 583 U.S. --, 138 S.Ct. 594, 601–03 (2018) (reviewing cases on what it means to "toll" a statute of limitations).  If Arkansas shared in this general understanding, there would then be no statute of limitations issues raised by an amendment giving the John Doe parties their proper names.  The amended complaint would not need to "relate back" and take the date of the original complaint because the amended complaint would itself be filed within the statute of limitations.

Arkansas requires more, however.  Following Arkansas Supreme Court precedent, an amendment providing the real identity of a John Doe defendant must also satisfy the relation back rules of Arkansas Rule of Civil Procedure 15(c).  *Berryhill v. Synatzke*, 432 S.W.3d 637, 641 (Ark. 2014) (holding without explanation that "before a real party can be substituted for a John Doe defendant in the original complaint, such pleadings must still meet the requirements of [Arkansas] Rule 15(c).").  Arkansas Rule of Civil Procedure 15(c) is nearly identical to Federal Rule of Civil Procedure 15(c).  To avoid statutory absurdity, however, the "but for a mistake" clause in the Arkansas Rule must be interpreted differently than that clause in the Federal Rule.  When a plaintiff substitutes the real name of a tortfeasor for a John Doe defendant, the "but for a mistake" clause of Arkansas Rule 15(c)  is satisfied if the plaintiff did not know the identity of the tortfeasor at the time of the original filing and naming them as a John Doe defendant was not a "strategic decision not to pursue the defendant until after the period of limitations has expired."  *Jones v. Young*, No. 3:04CV00257 JLH, 2007 WL 2695621, at *5 (E.D. Ark. Sept. 10, 2007) (finding amended complaint identifying defendant relates back to John Doe pleading when Arkansas statute of limitations applied and plaintiff used Ark. Code Ann. § 16-56-125); *see also Archer v. Singh*, No. 4:06CV001657 JMM, 2008 WL 4368837, at *2 (E.D. Ark. Sept. 22, 2008) (ruling plaintiff's amended complaint, filed after limitations period expired, which named defendants related back to original complaint because plaintiff utilized Ark Code Ann. § 16-56-125).  To read Arkansas Rule 15(c) otherwise, and find that the "but for a mistake" clause has the same meaning as that clause in Federal Rule 15(c) has been given by the Eighth Circuit Court of Appeals, would render the Arkansas John Doe statute useless.  It would be absurd to say in Ark. Code Ann. § 16-56-125 that plaintiffs could toll the statute of limitations against unknown John Doe tortfeasors and, upon learning their identities, amend the complaint to substitute in the tortfeasors' real names, but at the

same time to say that an amended complaint substituting a real name must meet the requirements of Arkansas Rule 15(c) and using "John Doe" to identify an unknown tortfeasor is not a mistake under that Rule.  This Court must try to give a state's law the same interpretation that state's highest court would give to it.  *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 856 (8th Cir. 2010).  The Arkansas Supreme Court "will not engage in statutory interpretations that defy common sense and produce absurd results."  *Clark v. Johnson Reg'l Med. Ctr.*, 362 S.W.3d 311, 316 (Ark. 2010). Accordingly, neither will this Court.

Plaintiff's amended complaint relates back to the original complaint under Federal Rule of Civil Procedure 15(c)(1)(A).  The claims Plaintiff asserts against the Washington County Defendants involve Mr. Bell's suicide at WCDC and clearly arise out of the same transaction or occurrence as the original complaint.  Further all the defendants received notice during the summons period (which this Court extended (Doc. 19) for all unserved defendants under Federal Rule of Civil Procedure 4(m)), and all will not be prejudiced in defending on the merits.  Plaintiff's affidavit filed with the original complaint demonstrates the naming of John Doe defendants was not a strategic decision.  Instead, Plaintiff named John Doe defendants because, despite having records obtained through a Freedom of Information Act request from the Washington County Sheriff's Office, Plaintiff could not identify the employee who prepared certain documents. Washington County Defendants knew or should have known that if Plaintiff had known their identity, they would have been named in the original complaint.  Because Arkansas's statute of limitations law allows substitution of a John Doe defendant to relate back to the original pleading, Plaintiff's amended complaint is not barred by the statute of limitations.

### B.      Proposed Second Amended Complaint

Plaintiff requests leave to file a second amended complaint, asserting individual-capacity claims against Defendants.  Washington County Defendants argue the motion should be denied because Plaintiff's first amended complaint is time-barred.   However, as discussed above Plaintiff's first amended complaint relates back to the original complaint.  "In order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).  "Only an express statement that [public officials] are being sued in their individual capacity will suffice to give proper notice to the defendants." *Id.*  The Eighth Circuit has cautioned litigants to "clearly indicate both the parties being sued and their capacity in the caption." *Jackson v. Crews*, 873 F.2d 1105, 1107 (8th Cir. 1989); *see also Rollins v. Farmer*, 731 F.2d 533, 536 n.3 (8th Cir. 1984) ("if plaintiff wishes to sue defendants in both capacities, the following language would suffice: Plaintiff sues each and all defendants in both their individual and official capacities.").

Plaintiff did not include language in the caption of either the original or amended complaints stating the defendants were sued in their individual capacities.  Further, even though the "Prayer for Relief" section asks for punitive damages, that is insufficient to meet the Eighth Circuit's strict pleading standard for subjecting state actors to individual liability.  Although Washington County Defendants asserted the affirmative defense of qualified immunity in their answer, the defendants did so with the caveat that Plaintiff did not sue the defendants in their individual capacities.  The Court finds that the individual-capacity claims against defendants have not been properly pled in the original or amended complaints.

However, Plaintiff has requested leave to file a second amended complaint to properly state individual-capacity claims. Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend his pleadings "when justice so requires." Determining whether to grant or refuse a request to amend is in the sound discretion of the court. *Nix v. Norman*, 879 F.2d 429, 434 n.3 (8th Cir. 1989). It is not an abuse of discretion to allow plaintiff to amend a complaint to add individual capacity claims. *Murphy v. State of Arkansas*, 127 F.3d 750, 755 (8th Cir. 1997); *Braswell v. Washington Cty.*, Case no. 5:14-CV-05387, 2016 WL 1178795, at *4 (W.D. Ark. Mar. 23, 2016). The motion will be granted and Plaintiff is directed to immediately file the proposed second amended compliant attached as an exhibit to her motion. Plaintiff is encouraged to promptly serve Defendants in their individual capacities, which may be expeditiously accomplished if Defendants waive service or designate the appearing attorneys as agents for service.

When filed, the individual-capacity claims in Plaintiff's proposed second amended complaint will relate back to the date of the first amended complaint (which relates back to the date of the original complaint as set forth above), as per Federal Rule of Civil Procedure 15(c)(1), because the claims arose out same conduct alleged in the original complaint, and the Washington County Defendants should have known that but for a mistake, these claims would have been pled by Plaintiff in conformity with the Eighth Circuit's strict pleading standards. *See, e.g., Hayes v. Faulkner Cnty., Ark.*, 388 F.3d 669, 675-76 (8th Cir. 2004) (relation back permitted for individual-capacity claims arising out of conduct set forth in original pleading); *Sanders-Burns v. City of Plano*, 594 F.3d 366, 373 (5th Cir. 2010) (relation back permitted where defendants had sufficient notice of individual-capacity claims in original complaint, had contemplated defense of qualified immunity in responding to original complaint, and were not prejudiced by amendment); *Moore v. City of Harriman*, 272 F.3d 769, 774-75 (6th Cir. 2001) (en banc) (reversing district court's

decision to deny leave to amend and finding that individual-capacity claims in amended complaint would have related back to date original complaint was filed).

## IV.   Conclusion

IT IS THEREFORE ORDERED that Plaintiff's motion (Doc. 60) is GRANTED and Plaintiff is directed to immediately file the proposed amended complaint.  Once the proposed amended complaint is filed, the Court will enter an order dismissing the state law claims pled in the amended complaint against the Washington County Defendants as time-barred.  Defendant Maria Sanchez's motion (Doc. 76) is GRANTED insofar as she has adopted Washington County Defendants' motion.  Washington County Defendants' motion (Doc. 64) for judgment on the pleadings is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED this 24th day of July, 2020.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE