UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JUDY LYNN SMITH-DANDRIDGE
as Administratrix of the Estate of
Andrew Dawson Bell, Deceased                                                                     PLAINTIFF

v.                                         No. 5:19-CV-05184

OFFICER JARRETT GEANOLOUS, et al.                                                       DEFENDANTS

## OPINION AND ORDER

Before the Court is Defendants' motion (Doc. 88) to exclude the supplemental report and opinions of Dr. T. Laurence Huffman and brief in support (Doc. 89). Plaintiff filed a response (Doc. 90) and brief in opposition (Doc. 91). Plaintiff also filed an amended brief in opposition (Doc. 92). Defendants argue Dr. Huffman's supplemental response should be excluded pursuant to Federal Rule of Civil Procedure 37 because the supplemental report was provided after Defendants deposed Dr. Huffman and included several opinions not set out in Dr. Huffman's original report. Although the supplemental report was provided almost three months after the expert deadline, Plaintiff argues the report was provided subject to Plaintiff's duty to supplement under Rule 26. In the alterative, Defendants request discovery be extended and the trial date continued. Plaintiff does not object to a continuance.

Rule 26 requires an expert report to be supplemented "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). "The report and any supplementation [must] allow the opposing party 'a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses.'" *Estate of West*

1

by *West v. Domina Law Group, PC LLO*, 981 F.3d 652 (8th Cir. 2020) (citing Fed. R. Civ. P. 26 advisory committee's notes to 1993 amendment). Defendants received the supplemental report 12 days prior to the closure of discovery. Although this was a tight timeframe that under these circumstances did not provide a reasonable opportunity to prepare for effective cross examination, the Court finds a continuance of the scheduling order is more appropriate than Rule 37 sanctions. Defendants also argue the opinions set forth by Dr. Huffman are opinions outside of Dr. Huffman's area of expertise. However, Defendants have not demonstrated Dr. Huffman's testimony and/or report is inadmissible pursuant to Federal Rule of Evidence 702 or 703.

The discovery deadline will be extended by thirty days. The new discovery deadline is January 21, 2021. The remaining deadlines will also be continued and an amended final scheduling order will be entered. This order does not continue the trial date, but due to the COVID-19 pandemic and the need for an amended final scheduling order, an order continuing the trial will be entered at a later date.

IT IS THEREFORE ordered that Defendants' motion (Doc. 88) is DENIED without prejudice to its refiling if appropriate.

IT IS FURTHER ORDERED that an amended final scheduling order will be entered separately.

IT IS SO ORDERED this 22nd day of December, 2020.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE